### In re KAYLA F. and Brittany R.

### No. 96–478–Appeal.

Supreme Court of Rhode Island.

March 19, 1997.

Frank Iacono, Jr., East Greenwich, Anthony E. Angeli, Jr., Providence.

Paula Rosin, Providence.

### ORDER

This matter came before the Supreme Court on March 3, 1997, pursuant to an order that directed all parties to show cause why the issues raised in this appeal should not be summarily decided. The respondent mother,

---

Anne Roderick, appealed a Family Court order terminating her parental rights to her two children, Kayla F. (Kayla) and Brittany R. (Brittany). After hearing the arguments of counsel and reviewing the memoranda submitted by the parties we are of the opinion that cause has not been shown, and the appeal will be decided at this time.

Kayla has been committed to the care, custody and control of the Department of Children, Youth and Families (DCYF) since July 6, 1994, and Brittany has been similarly committed since November 16, 1994. The DCYF filed Termination of Parental Rights Petitions in May 1995. After a trial on the petitions, respondent's parental rights were terminated pursuant to a decree entered on May 6, 1996, from which respondent timely appealed. The parental rights of the children's respective fathers were terminated by default.

On appeal, the mother contended that DCYF did not make reasonable efforts to reunify her with her children. The respondent also contended that DCYF had made no attempt to provide services to assist individuals such as she with limited cognitive abilities, and as a result, respondent was unable to successfully comply with DCYF's recommendations.

But at trial, Kathleen Schomp, the coordinator of Project Early Start, a program that provides early intervention for low-income families with young children, testified that she worked with respondent in December of 1993. Schomp testified that although respondent completed the recommended parenting classes, she refused to participate in the group, explaining that "she wasn't going to participate, she was just coming in because DCYF had mandated that she take parenting classes." Schomp also testified that respondent was enrolled in parenting classes that were designed for adults with limited cognitive skills. Arlene Frazier, a DCYF social caseworker assigned to the case in December 1993, testified that despite her efforts to find services to meet respondent's limitations, she was unable to do so because of respondent's history of not complying with counseling services. Douglas Bernon, Ph.D., a clinical psychologist, testified that respon-

dent was referred to him for a psycho-diagnostic assessment of her life skills, her diagnostic categories, and her parenting skills. The assessment revealed that respondent had a "low level of functioning" and a "full IQ of 65." Bernon testified that when he had last seen respondent, he was "entirely convinced" that it would be inappropriate for respondent to have full time unsupervised custody of her children.

Following his review of the testimony and documentary evidence, the trial justice rendered a written decision and found that:

"The clear and convincing evidence establishes that the mother is unfit to parent either Kayla or Brittany. Dr. Bernon's exhaustive analysis of the psychological test results and his interview of the mother, clearly establishes that she is not capable of caring for herself, let alone accept the responsibilities of caring for two (2) young children. As Dr. Bernon said:

"Ms. Roderick has never been able to establish a benign environment for herself or her children. There appears no evidence that she is likely to do so now."

As the parties discussed at oral argument, DCYF was unable to provide the 24 hour supervision of respondent mother and her children that would be required for the children to live securely under their mother's supervision. Moreover, respondent's mental illness coupled with her marginal cognitive functioning was deemed unlikely to change in the future.

In cases involving the termination of parental rights, this Court examines the record to determine whether legally competent evidence supports the trial justice's findings. *In re Crystal A.*, 476 A.2d 1030, 1033 (R.I. 1984). It is well settled that the findings of a trial justice sitting without a jury are entitled to great weight and will not be disturbed by this Court on appeal unless those findings are clearly wrong or the trial justice has misconceived or overlooked material evidence, *In re Armand*, 433 A.2d 957, 962 (R.I.1981).

The record in this case clearly supports the trial justice's findings that the respondent was incapable of parenting her children.

Consequently, we deny and dismiss the appeal and return the papers in this case to the Family Court.